IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES STARRY, JR.,** | : | **CIVIL ACTION NO. 1:16-CV-532** |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Defendant | : | |

# ORDER

AND NOW, this 12th day of June, 2017, upon consideration of the motion (Doc. 12) for summary judgment filed by defendant United States of America, and the parties' respective briefs in support of and opposition to said motion, (Docs. 14, 17, 18), wherein the parties dispute whether plaintiff James Starry, Jr. ("Starry") has produced sufficient evidence to proceed to trial on his negligence claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, concerning his slip and fall at a United States Post Office in Lemoyne, Pennsylvania on June 4, 2015, (Doc. 13 ¶¶ 1-3; Doc. 16 ¶¶ 1-3), and the court observing that, through summary adjudication, we may dispose of those claims that do not present a "genuine dispute as to any material fact,"[1] FED. R. CIV. P. 56(a), and that the burden of proof is on the non-moving party to come forth with "affirmative evidence, beyond the allegations

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Starry identifies material disputes of fact in his Rule 56.1 statement. (Doc. 16 ¶¶ 2-5).

of the pleadings," in support of its right to relief, Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), and further observing: first, that the court must apply the law of the place where a contested act or omission occurred when considering a cause of action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b); second, that under Pennsylvania law, "[t]he mere occurrence of an accident does not establish negligent conduct," Martin v. Evans, 711 A.2d 458, 461 (Pa. 1998); and third, that "[i]n any case sounding in negligence, a plaintiff must demonstrate: (1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff," Farabaugh v. Pa. Turnpike Comm'n, 911 A.2d 1264, 1272-73 (Pa. 2006), and it appearing that the parties dispute the second element, concerning whether the government, as the landowner *sub judice*, breached its duty of care to Starry, the invitee on the premises, by either having a hand in the creation of the harmful condition that caused Starry to fall, or having actual or constructive notice of the condition, (Doc. 14 at 5-8; Doc. 17 at 8-13); see Farabaugh, 911 A.2d at 1272 n.10; Estate of Swift v. Ne. Hosp. of Phila., 690 A.2d 719, 723 (Pa. Super. Ct. 1997), and that the government claims it did not create the hazardous condition of water on the floor of the entranceway and Starry cannot prove that Post Office staff knew or should have known about the water, (Doc. 14 at 6-8), and Starry rejoins that the government created the hazardous condition by not placing floor mats at the entranceway or had actual notice of the hazard because the Postmaster of the Lemoyne Post Office, Christopher Hans, regularly put signs warning of water accumulation in the

2

entranceway when it rained, (Doc. 17 at 8-13), and the court noting that a trier of fact may find that a landowner had actual notice of a condition if it is one that the owner knows frequently occurred, see Myers v. Penn Traffic Co., 606 A.2d 926, 929 (Pa. Super. Ct. 1992) (citing Moultrey v. Great A & P Tea Co., 422 A.2d 593, 596 (Pa. Super. Ct. 1980)), and the court finding that Starry has produced sufficient evidence to meet his burden under Rule 56, to wit, that: (1) it rained the day of Starry's fall, (see Doc. 17-2); (2) the government knew that the entranceway accumulated water when it rained and had a practice of placing warning signs at the entranceway when it rained, (see Doc. 17 at 8-9 (citing Doc. 17-3, Hans Dep. 32:21-33:11, Aug. 19, 2016)); and (3) the government did not have a mat or notice signs in the entranceway at the time of the accident, (id. at 8-9 (citing Hans Dep. 9:5-25, 10:1-11:12, 11:16-12:1, 31:16-32:1)), and the court further finding that a reasonable trier of fact could infer that the government had adequate notice of this potentially hazardous condition,[2] and the court concluding that there are genuine and material disputes of fact that must be resolved at trial, it is hereby ORDERED that:

---

[2] The government cites several cases in which courts in the Third Circuit granted summary judgment in negligence suits concerning a slip and fall. See Howard v. United States, 488 F. App'x 576 (3d Cir. 2012); Fiore v. Holt, 435 F. App'x 63 (3d Cir. 2011); Tameru v. W-Franklin, L.P., 350 F. App'x 737 (3d Cir. 2009). The court notes that these unpublished opinions are not binding on the court, and the court is unpersuaded by their *ratio decidendi*. None of the proffered cases involve evidence of a pervasive, hazardous condition of which a landowner was aware.

1. The motion (Doc. 12) for summary judgment is DENIED.

2. The parties are directed to meet and confer, in consultation with the undersigned's courtroom deputy, with the goal of developing an appropriate schedule for further proceedings. On or before **Monday, June 26, 2017**, the parties shall submit to the court a joint proposed pretrial and trial schedule, specifically identifying the anticipated length of trial, or, in the event the parties are unable to agree, shall submit individual proposed schedules for the court's consideration.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania