# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES STARRY, JR.,** | : | CIVIL ACTION NO. 1:16-CV-532 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 13th day of September, 2017, upon consideration of the motion (Doc. 23) *in limine* by defendant United States of America ("United States"), seeking to exclude the expert testimony of plaintiff James Starry Jr.'s ("Starry") treating physician, Dr. Matthew Espenshade ("Dr. Espenshade"), at trial, asserting that Starry previously indicated that Dr. Espenshade would be a damages witness (see Doc. 24 at 4; see also Doc. 24-1, Ex. A), and did not notify the United States that he planned to call Dr. Espenshade as an expert witness until February 2, 2017 (see Doc. 24 at 5; see also Doc. 24-1, Ex. D), and that allowing Dr. Espenshade to provide expert testimony relating to causation or future pain and suffering would violate the Federal Rules of Civil Procedure because Starry did not provide the United States with Dr. Espenshade's expert report (see Doc. 24 at 9-10), and further upon consideration of Starry's response, (Doc. 26), countering that there has been "no surprise or prejudice" to the United States because he provided the United States with Dr. Espenshade's medical report, notes, and CV prior to his deposition (see Doc. 26 ¶¶ 2, 4, 6; see also Doc. 26-2; Doc. 26-4), and that the United States

conducted "a meaningful cross-examination" of Dr. Espenshade at his deposition (id. ¶¶ 6-7; see also Doc. 26-5), and the court observing that the Third Circuit permits treating physicians to testify as lay witnesses with respect to a patient's diagnosis and treatment, see Pease v. Lycoming Engines, No. 10-843, 2012 WL 162551, at *12 (M.D. Pa. Jan. 19, 2012) (Conner, J.) (citations omitted), but that treating physicians' testimony anent prognosis and causation falls squarely within the scope of Federal Rule of Evidence 702, id. (citations omitted), and triggers disclosure requirements under the Federal Rules of Civil Procedure, see FED. R. CIV. P. 26(a)(2)(A), and further observing that, although Dr. Espenshade, as Starry's treating physician, is not "retained or specially employed" as an expert by Starry and need not provide an expert report, see FED. R. CIV. P. 26(a)(2)(B), but that Starry should have provided a summary of Dr. Espenshade's testimony to the United States, see FED. R. CIV. P. 26(a)(2)(C), and it appearing that Starry did not fully comply with his obligations, but the court noting that excluding this evidence would constitute an "extreme sanction," In re TMI Litig., 193 F.3d 613, 721 (3d Cir. 1999) (quoting Dudley v. S. Jersey Metal, Inc., 555 F.2d 96, 99 (3d Cir. 1977)), and that, to determine whether the court should impose this sanction, we must consider: (1) the potential prejudice the United States would suffer if the court permitted Dr. Espenshade to testify concerning prognosis and causation; (2) Starry's ability to cure said prejudice; (3) the extent to which allowing Dr. Espenshade to testify would disrupt the efficiency of the pending trial; (4) any bad faith by Starry in failing to disclose the content of Dr. Espenshade's testimony; and (5) the importance of the evidence, see ZF Meritor, LLC v. Eaton Corp., 696 F.3d

254, 298 (3d Cir. 2012) (quoting Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977), overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985)), and the court noting that the United States had an opportunity to engage in a robust cross-examination of Dr. Espenshade at his deposition, (see Doc. 26-5), Starry produced Dr. Espenshade's medical report, notes, and CV prior to his deposition, (see Doc. 26-1; Doc. 26-2; Doc. 26-4), and the United States could have reasonably anticipated Dr. Espenshade's deposition testimony given the fact that this is a run-of-the-mill slip and fall matter and that Dr. Espenshade's medical report and notes causally connected Starry's knee injury to the fall at the Post Office, (see Doc. 26-2 at 1-4), such that the United States has not been prejudiced by Starry's failure to comply with his disclosure obligations, see, e.g., Wells v. Fuentes, No. 12-4436, 2014 WL 4053954, at *4 n.5 (D.N.J. Aug. 13, 2014); Martin v. Sears, Roebuck & Co., No. 3:06-CV-2238, 2007 WL 2782263, at *2 (M.D. Pa. Sept. 21, 2007), and the court further noting that the United States had extensive opportunity to schedule an independent medical exam and a rebuttal expert, but elected not to do so, and failed to apprise the court of their concerns with the use of Dr. Espenshade's video deposition testimony until July 14, 2017, more than five months after the deposition took place, and only suggested an

interest in exploring an independent medical exam at the time of the final pretrial conference on September 12, 2017, just two weeks prior to the commencement of trial, for all of these reasons, it is hereby ORDERED that:

1. The United States' motion (Doc. 23) *in limine* to bar the expert testimony of Starry's treating physician, Dr. Espenshade, is DENIED.

                                               /S/ CHRISTOPHER C. CONNER
                                               Christopher C. Conner, Chief Judge
                                               United States District Court
                                               Middle District of Pennsylvania